**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Garry V. SOUBRY, Defendant–Appellee.**

No. 01–10038.

D.C. No. CR–98–00421–RLH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 2001.

Decided Dec. 12, 2001.

Tashima, Circuit Judge, dissented and filed a separate opinion.

Before HAWKINS and TASHIMA, Circuit Judges, and WILKEN,* District Judge.

## MEMORANDUM **

We reject the government's contention that the district court, in adopting the recommendation and report of the Magistrate Judge, clearly erred in its interpretation and construction of Soubry's prior plea agreement. The disputed provision, an agreement "not to file any other criminal charges arising out of the incidents that led to the Indictment filed January 26, 1994," is reasonably susceptible to both parties' proffered interpretations. *See United States v. De la Fuente,* 8 F.3d 1333, 1338 (9th Cir.1993). There were actually two indictments filed on January 26, one to which Soubry pled guilty (mail fraud) and one that was dismissed as part of the plea bargain (false statement). As Soubry was only pleading guilty to one charge, it is not surprising that the plea agreement recites only the facts supporting the mail fraud indictment. This does not mean, however, that the provision in question only precluded the government from bringing other mail fraud related charges against Soubry. Under the nar-

---

* Honorable Claudia Wilken, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

row reading urged by the government and the dissent, the government could have brought other charges relating to the false statement indictment, even though it was dismissed as part of the plea bargain. The provision in the agreement is not a picture of clarity, and it is not unreasonable to read it as precluding something broader, such as any further prosecutions arising out of the general fraud investigation.

The extrinsic evidence presented below did not resolve the ambiguity, and, absent exceptional circumstances not present here, the government must bear responsibility for imprecisions and ambiguities in plea agreements. *United States v. Clark*, 218 F.3d 1092, 1095 (9th Cir.), *cert. denied*, 531 U.S. 1057, 121 S.Ct. 668, 148 L.Ed.2d 569 (2000); *De la Fuente*, 8 F.3d at 1337. Although we might reach a different conclusion if we were interpreting the agreement ourselves de novo, we cannot say that the district court, which had the benefit of hearing extensive testimony concerning the meaning of the plea agreement, committed clear error.

AFFIRMED.

TASHIMA, Circuit Judge, dissenting.

I disagree with the majority's conclusion that the plea agreement is ambiguous and reasonably susceptible to both parties' proffered interpretations. Before turning to any extrinsic evidence concerning the meaning of the plea agreement, the initial question to be answered is whether or not

the disputed provision, in which the government agrees "not to file any other criminal charges arising out of the incidents that led to the Indictment filed January 26, 1994," is even ambiguous. *See United States v. Clark*, 218 F.3d 1092, 1096 (9th Cir.2000), *cert. denied*, 531 U.S. 1057, 121 S.Ct. 668, 148 L.Ed.2d 569 (2000). "Following traditional rules of contract interpretation, we must examine the plain language of the term *in the context of the document as a whole." Id.* (emphasis added).

The agreement cites the January 26, 1994, indictment for mail fraud, and the allegedly ambiguous paragraph cites only that indictment.[1] Moreover, the facts supporting the guilty plea are relevant only to the mail fraud indictment and, in fact, are quite different from and unrelated to the facts alleged in the superseding indictment. The document therefore mentions only the mail fraud indictment and facts relevant to the mail fraud indictment. Examining the document as a whole, therefore, there is no ambiguity regarding the scope of the agreement;[2] extrinsic evidence is not needed to determine the parties' understanding because the meaning is clear from the document itself. One can find an ambiguity *only* by looking *beyond* the context of the document, as the district court did in considering testimony regarding the meaning of the agreement. Defendant's counsel, in fact, concedes that he did

---

1. As the majority indicates, two indictments were filed on January 26, 1994. The only reasonable reading of the disputed provision, however, is that it was referencing the indictment in the case in which the plea agreement was made and filed, the mail fraud case. It should also be noted that the dismissal of the false statement indictment, as part of the plea bargain, completely undercuts the trial court's rationale for its tortured reading of the plea agreement–that, otherwise, there would have been no consideration by the gov-

ernment in return for the defendant's plea of guilty. Dismissal of the false statement indictment obviously was sufficient consideration.

2. Defendant's contention that an ambiguity existed depends on the assumption that the word "incidents" in the disputed provision can mean the government's *investigation* of the incidents, as well as the incidents themselves, a patently unreasonable reading of the provision.

not even know of any alleged bankruptcy fraud at the time he negotiated the plea.

The majority states that "[a]lthough we might reach a different conclusion if we were interpreting the agreement ourselves de novo, we cannot say that the district court, which had the benefit of hearing extensive testimony concerning the meaning of the plea agreement, committed clear error." Maj dispo. at ——. In doing so, however, the majority answers the wrong implicit question. Because, as shown above, the first question is whether the district court should even have heard "extensive testimony concerning the meaning of the plea agreement...." And on that issue, whether or not the plea agreement is ambiguous, our review is de novo. *Clark*, 218 F.3d at 1095.

Here, the plea agreement as a whole unambiguously refers only to the mail fraud indictment. Similar to *Clark*, where the plea agreement mentioned no crimes or charges other than those to which the defendant pleaded guilty, the plea agreement here "clearly and unambiguously refers" to the mail fraud indictment, not the bankruptcy fraud. *Id.* I therefore respectfully dissent.